**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 3, 2026

**BY ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *United States v. Israel Torres*, 15 Cr. 877 (PAE)**

Dear Judge Engelmayer:

The Government respectfully submits this letter in connection with the status conference currently scheduled in the above-captioned matter for November 5, 2026 at 2:30 p.m.

On October 27, 2026, the Court issued a summons to defendant Israel Torres in response to a New Arrest Notification, dated October 16, 2026 (the "New Arrest Notification"), which was submitted to the Court by the defendant's supervising Probation Officer. The Government has discussed this matter with the defendant's supervising Probation Officer and understands that the Probation Office intends to file a Violation Petition charging violations of supervised release based on the same conduct discussed in the New Arrest Notification.

In addition, upon being notified of the status conference in this matter, defense counsel notified the Probation Office and the Government that: (1) defense counsel "ha[d] a conflict" with the defendant and so the defendant "should be appointed new counsel"; and (2) in any event, defense counsel would be out of the District at the time of the scheduled status conference.

In light of the foregoing information, the Government respectfully requests that the Court adjourn the currently scheduled status conference *sine die*, so that the Probation Office has adequate time to prepare a Violation Petition based on the conduct discussed in the New Arrest Notification. The defendant's supervising Probation Officer has informed the Government that the Probation Office plans to include a new proposed Summons with the Violation Petition, so that the Court may schedule an arraignment for any violations of supervised release specified in the Violation Petition.

In addition, once the Violation Petition has been submitted to the Court, the Government respectfully requests that the Court either: (1) schedule a hearing, pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), to determine whether the defendant should be appointed new

counsel in light of the conflict identified by current defense counsel; or (2) appoint new counsel for the defendant pursuant to the Criminal Justice Act.[1]

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

by: Christian Ronald
Christian B. Ronald
Assistant United States Attorney
(212) 637-2417
Christian.Ronald@usdoj.gov

Cc: Natali J. H. Todd, Esq. (via ECF)
*Counsel for Defendant Israel Torres*

Probation Officer Katherine Wysoczanski (via email)

**GRANTED.** The Court adjourns tomorrow's VOSR hearing and will reschedule the hearing upon the filing of a new violation report. The Court directs defense counsel, by Friday, November 6, 2026, to submit a letter to the Court setting out the basis for the conflict that counsel contends requires appointment of successor counsel. On the basis of that letter (and follow-up inquiry if needed), the Court will determine whether to appoint new counsel. To the extent counsel's letter addresses confidential matters, counsel is at liberty to file the letter under seal while emailing a copy to the Court's chambers email. The Clerk of Court is requested to terminate the motion at Dkt. No. 356.

11/4/2026

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

[1] The defendant is entitled to counsel under the Criminal Justice Act once he "is charged with a violation of supervised release or faces modification, reduction, or enlargement of a condition, or extension or revocation of a term of supervised release." 18 U.S.C. § 3006A(a)(1)(E). The Government therefore respectfully requests that the Court wait until the Probation Office has submitted its planned Violation Petition before addressing any conflict or appointing new counsel.